QUESTION: Can a public agency lawfully agree to refer all requests for copies of transcripts of meetings and hearings or any portion thereof to the court reporter who made the original transcript in light of Ch. 119 and s. 120.57(1)(b)7., F.S. (1974 Supp.)?
SUMMARY: Pursuant to ss. 119.07(1) and 120.57(1)(b)6., F.S. 1975, a public agency may not enter into an agreement with a court reporter which requires the agency to refer all requests for copies of transcripts of agency meetings and hearings or any part thereof to the court reporter who transcribed the original transcript. According to your letter, the legal staff of the Department of Environmental Regulation (hereafter department) has questioned a proposed arrangement between the department and a court reporter whereby all requests for copies of transcripts of meetings and hearings or portions thereof would be referred to the court reporter. The court reporter would furnish copies of such transcripts upon the payment of $.50 per page copying fee. In AGO 074-84, this office expressed the view that a transcript of testimony or evidence taken in an administrative investigation no matter what the form — whether stenographic notes, tape recordings, handwritten, or typed statements — is a public record if "made pursuant to law or ordinance" or "in connection with the transaction of official business." Pursuant to s. 120.57(1)(b)5., F.S. 1975, the record in cases governed by s. 120.57(1) shall among other things consist of the transcript. Section120.57(1)(b)6., F.S. 1975, provides that all testimony in a proceeding governed by s. 120.57(1) must be accurately and completely preserved and, on the request of any party, the agency shall make a full or partial transcript available at no more than actual cost. Since the department is required pursuant to s.120.57(1)(b)6. to preserve the testimony of the proceedings governed by s. 120.57(1), it is clear that a record of such proceeding is "made pursuant to law or ordinance" and "in connection with the transaction of official agency business" and is, therefore, subject to the requirements of the Public Records Law, Ch. 119, F.S. While s. 120.57(1)(b)6., F.S. 1975, operates to prohibit the department from charging parties to the proceedings as defined at s. 120.52(9)(a)-(c), F.S. (1974 Supp.), more than the actual cost of the copy of the transcript, Ch. 119, F.S., requires essentially the same as to those individuals not parties to such proceedings where fees for such copy are not otherwise prescribed by some statute. Section 119.07(1), F.S., as amended by s. 4, Ch. 75-225, Laws of Florida, provides that: The custodian [of public records] shall furnish copies or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. . . . (Emphasis supplied.) Hence, copies of all records within the purview of s. 119.011(1), F.S. 1975, and not exempted from public inspection pursuant to s.119.07(2)(a), (b), and (c), F.S. 1975, must be made available by a public agency to any person who desires a copy thereof upon payment of the actual cost of duplication of the copy, or upon payment of any fees therefor as may be prescribed by law, as the case may be. The statute imposes a clear legal duty upon the department's record custodian to provide copies of public documents or records upon demand and payment of the prescribed costs or fees. The statute does not empower the custodian to avoid or circumvent this statutory duty through agreement with any third party. Cf. AGO 071-394. Accordingly, I am of the opinion that the agreement being contemplated by your department and a court reporter, to the extent it requires or purports to require the department to refer all requests from parties and other persons for copies or transcripts of stenographically recorded agency meetings and hearings to the reporter who made the original transcript, is in conflict with both s. 119.07(1) and s.120.57(1)(b)6., F.S. 1975.